## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| VICKIE PAYTON, on behalf of herself and all others similarly situated, | ) ) ) ) | |
| | ) | Case No.: |
| Plaintiff, | ) ) | |
| | ) | Complaint – Class Action |
| v. | ) ) | |
| APPLE, INC., | ) ) | |
| Defendant. | ) | |

## STATEWIDE CLASS ACTION COMPLAINT

Plaintiff Vickie Payton, on behalf of herself and others similarly situated, brings this action against Defendant, Apple, Inc., to recover money lost to illegal gambling pursuant to Section 13-8-3 of the Georgia Code. See also O.C.G.A. §§ 16-12-20 et seq. Defendant Apple, Inc. promotes, enables, and profits from games downloaded from its App Store and played by numerous Georgia residents that constitute illegal gambling under the statutory law and the strong public policy of the state of Georgia. Plaintiff seeks to represent a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## PARTIES, JURISDICTION, AND VENUE

1.    Plaintiff Vickie Payton is an adult citizen residing in Fulton County, Georgia.

2.     Defendant Apple, Inc. is a corporation organized and existing under the laws of the state of California, with its principal place of business in Cupertino, Santa Clara County, California. Defendant Apple, Inc. does business by agent in this state, district, and division and may be served through its registered agent, CT Corporation System, located at 289 S. Culver Street in Lawrenceville, Georgia 30046-4805.

3.     This is a class action brought by Georgia citizens against a California company. The amount in controversy exceeds $5 million, exclusive of interest and costs. Subject matter jurisdiction exists pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d).

4.     Venue is proper under 28 U.S.C. § 1391(b)(2), because this is a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred."

**FACTUAL BACKGROUND**

5.     Defendant Apple, Inc., ("Apple"), is the most valuable company in the world, with a market capitalization exceeding $2 trillion as of mid-2020. It is by far the world's biggest technology company, now roughly double the size of both Microsoft Corporation and Alphabet Inc., the parent company of Google, respectively. Gone are the days when Steve Jobs's little company began its quixotic quest to take market share away from Microsoft's dominance of the computer software market with its introduction of the upstart MacIntosh personal computer.

Applications for personal computers, both desktops and laptops, are now a relatively small part of the software market. Mobile devices are now the name of the game and Apple undisputedly dominates that lucrative market.

6.     Apple's operating system for the iPhone smartphone and the iPad tablet, known as the iOS, is a rigidly controlled closed system that has the ability to run numerous applications, or apps, available exclusively through Apple's App Store. Apple takes up to 30% of all revenue generated by app sales in the App Store and in-app purchases made on apps obtained through the App Store.[1] Millions of software developers make applications for the Apple iOS. In order to sell apps in the App Store, developers must submit their programs to Apple, which then decides whether the app may be included in the App Store and thus downloaded to iOS devices.

7.     Many apps, including those that are the subject of this lawsuit, are initially free to download but contain in-app purchases that a customer can choose to purchase inside the app. Apple provides the payment interface for all such purchases and, as noted, takes a hefty percentage of the money for itself. A 30% processing fee is many times the charge that other payment processors outside the Apple ecosystem, such as Western Union, charge for processing such payments.

---

[1] Apple takes 30% of all initial app purchases and in-app purchases made during the first year after the customer downloads the app. After that, the percentage drops to 15%.

8.     The money charged for in-app purchases is paid to Apple. An Apple customer is required to provide a method of payment, usually a credit or debit card, for all purchases made in the App Store, including in-app purchases. Apple then has a contractual obligation to the software developers to remit a portion of the money Apple receives from the purchases, typically 70%, to the developers. This contractual arrangement is between Apple and the developers who sell products in the App Store. As between Plaintiff and the class members and Apple, however, all in-app and other purchases involve the payment of money *to Apple*, not the developers.

9.     This case concerns Apple's profiting from illegal gambling machine games that it sells in its App Store. Apple and its chief mobile device software competitor, Google, both allow customers to purchase games that are no more or no less than casino-style slot machines, casino style table games, and other common gambling games.

10.     There are numerous such gambling games that Apple makes available in the App Store, and there is very little variation on how they work. When a customer downloads the game and opens it for the first time, the customer has a set number of free starting "coins," for example, 100,000 or 1,000,000, to play the slots. The games themselves work precisely like a casino slot machine or other games in Las Vegas.  In addition to slots, customers can play blackjack, roulette, poker, keno,

bingo, and other card and gambling games. A loss results in a loss of "coins," but the customer has the chance to win more coins. Eventually a customer runs out of coins, and is prompted to use real money to buy more coins for the opportunity to keep playing the game. Hundreds of these games exist. The following table contains the 200 most popular games.

| | | | |
|---|---|---|---|
| 1 | Slotomania™ Vegas Casino Slots | 101 | Lucky Play Casino Slots Games |
| 2 | Jackpot Party - Casino Slots | 102 | Vegas Downtown Slots & Words |
| 3 | DoubleDown™- Casino Slots Game | 103 | Slots-Fortune 777 Classic Slot |
| 4 | Playtika Santa Monica, LLCBingo Blitz™ - Bingo Games | 104 | Gambino Slots Wheel of Fortune |
| 5 | Cashman Casino Las Vegas Slots | 105 | mychoice casino jackpot slots |
| 6 | Cash Frenzy™ - Slots Casino | 106 | FoxwoodsONLINE |
| 7 | World Series of Poker - WSOP | 107 | Gold Fortune Casino |
| 8 | Heart of Vegas Slots-Casino | 108 | GSN Grand Casino: Slots Games |
| 9 | POP! Slots ™ Live Vegas Casino | 109 | Take5 Casino - Slot Machines |
| 10 | House of Fun™ - Casino Slots | 110 | Bid Wars: Pawn Empire |
| 11 | Lightning Link Slots-Casino | 111 | Slots Master-Vegas Casino Game |
| 12 | Big Fish Casino: Slots & Games | 112 | Slots of Vegas |
| 13 | DoubleU Casino: Vegas Slots | 113 | Slingo Arcade - Bingo & Slots |
| 14 | Huuuge Casino Slots Vegas 777 | 114 | PokerStars Play – Texas Holdem |
| 15 | VEGAS Slots – Casino Slots | 115 | Blazing 7s Casino: Slots Games |
| 16 | Caesars® Casino: Vegas Slots | 116 | Mystic Slots: Fun Casino Games |

| 17 | Jackpot Magic Slots™ & Casino | 117 | Lucky City™ - 3D Slot Machine |
| 18 | Lotsa Slots: Casino SLOTS | 118 | Governor of Poker 3 - Friends |
| 19 | Hit it Rich! Lucky Vegas Slot | 119 | Casino Roulette: Roulettist |
| 20 | my KONAMI - Real Vegas Slots | 120 | Seminole Social Casino |
| 21 | Bingo Party! Lucky Bingo Games | 121 | Blackjack· |
| 22 | Zynga Poker - Texas Holdem | 122 | Tap Poker Social |
| 23 | Wizard of Oz: Casino Slots | 123 | Slots-Heart of Diamonds Casino |
| 24 | Quick Hit Slots - Casino Games | 124 | Triple Win Slots-Vegas Casino |
| 25 | Jackpot Mania™ - DAFU Casino | 125 | Texas Holdem - Scatter Poker |
| 26 | Game of Thrones Slots Casino | 126 | MONOPOLY Bingo! |
| 27 | Gold Fish Casino Slots Games | 127 | San Manuel Slots |
| 28 | Cash Tornado Slots - Casino | 128 | Wheel of Fortune Slots |
| 29 | Scatter Slots - Vegas Casino | 129 | Ultimate Slots: Casino Slots |
| 30 | Billionaire Casino Slots 777 | 130 | Lucky Slots: Vegas Casino |
| 31 | Double Win Slots Casino Game | 131 | Stardust Casino™ Slots - Vegas |
| 32 | Texas Hold'em Poker: Pokerist | 132 | Slots of Vegas - Slot Machine |
| 33 | Bingo Journey - Classic Bingo | 133 | Xtreme Slots |
| 34 | Bingo Bash: Online Bingo Games | 134 | Video Poker Deluxe Casino |
| 35 | Bingo Story Live Bingo Games | 135 | Win Vegas Slots Casino: Nascar |
| 36 | Willy Wonka Slots Vegas Casino | 136 | Bid Wars: Storage Auctions |
| 37 | Poker Face - Live Texas Holdem | 137 | Coin Trip |
| 38 | Classic Casino Slots Games | 138 | Royal Slot Machine Games |
| 39 | GSN Casino: Slot Machine Games | 139 | World Poker Tour - PlayWPT |

| 40 | Bingo Pop - Bingo Games | 140 | Absolute Bingo! Play Fun Games |
| 41 | 88 Fortunes Slots Casino Games | 141 | Bingo Holiday - BINGO Games |
| 42 | MONOPOLY Slots - Casino Games | 142 | Vegas Slots - Slot Machines! |
| 43 | Vegas Live Slots Casino | 143 | Solitaire |
| 44 | Ignite Classic Slots | 144 | Video Poker Games |
| 45 | Hot Shot Casino - Slots Games | 145 | Slots™ |
| 46 | Wynn Slots - Las Vegas Casino | 146 | Sanh Rong - Game danh bai |
| 47 | Wild Classic Slots™ Casino | 147 | Slot Bonanza- 777 Vegas casino |
| 48 | Slots - Classic Vegas Casino | 148 | HighRoller Vegas: Casino Slots |
| 49 | Slot Machines 777 - Slots Era | 149 | Video Poker by Ruby Seven |
| 50 | Club Vegas Slots: Casino 777 | 150 | Slots Craze: Casino Games 2020 |
| 51 | Blackjack 21: Blackjackist | 151 | VIP Poker - Texas Holdem |
| 52 | Tycoon Casino™ - Vegas Slots | 152 | Cash Dozer: Lucky Coin Pusher |
| 53 | Double Hit Casino: Vegas Slots | 153 | VIP Deluxe Slot Machine Games |
| 54 | Bingo Showdown -> Bingo Live! | 154 | Vegas Slots: Deluxe Casino |
| 55 | Rock N' Cash Casino Slots | 155 | Casino Frenzy-Fantastic Slots |
| 56 | Winning Slots Las Vegas Casino | 156 | Video Poker - Classic Games |
| 57 | Cash Mania - Casino Slots | 157 | Epic Diamond Slots: Casino Fun |
| 58 | Slots GoldenHoYeah-Casino Slot | 158 | Ellen's Road to Riches Slots |
| 59 | Huge Win! Classic Slots Game | 159 | Empire City Casino Slots |
| 60 | Slots DoubleDown Fort Knox | 160 | Diamond Sky: Slots & Lottery |
| 61 | Casino Games - Infinity Slots | 161 | Poker Night in America |

| 62 | Backgammon - Lord of the Board | 162 | Slots - Pharaoh's Way |
| 63 | Double Rich ! Vegas Casino Slots | 163 | HOLD'EM OR FOLD'EM |
| 64 | Pokerrrr 2- Holdem, OFC, Omaha | 164 | Slingo Adventure |
| 65 | Poker Heat: Texas Holdem Poker | 165 | Dragon King Fishing Online |
| 66 | Golden Casino - Vegas Slots | 166 | Baba Wild Slots - Vegas Casino |
| 67 | Blackjack 21 - HOB | 167 | Royal Slots:Slot Machine Games |
| 68 | High 5 Casino: Home of Slots | 168 | Praia Bingo - Bingo Games |
| 69 | Show Me Vegas Slots Casino App | 169 | Bingo Infinity |
| 70 | Texas Poker: Pokerist Pro | 170 | Vegas Craps by Pokerist |
| 71 | Texas Holdem Poker | 171 | Real Casino Slots |
| 72 | Billion Cash Slots-Casino Game | 172 | Bonus of Vegas Slots Casino |
| 73 | Multi-Strike Poker™ | 173 | Hit 7 Casino : Vegas Slots |
| 74 | Vegas Slots - 7Heart Casino | 174 | Real Slots \| Best Bet Casino™ |
| 75 | DoubleDown Classic Slots | 175 | Fantasy Springs Slots \| Casino |
| 76 | Coin Dozer | 176 | Live Play Bingo |
| 77 | Mega Hit Poker: Texas Holdem | 177 | Blackjack |
| 78 | Hard Rock Social Casino | 178 | Teen Patti by Octro |
| 79 | Bingo ! | 179 | SpinToWin Slots & Sweepstakes |
| 80 | Viva Slots Vegas Slot Machines | 180 | Teen Patti Gold, Poker & Rummy |
| 81 | Bingo Frenzy: BINGO Cooking! | 181 | Texas Poker |
| 82 | Slots Casino - Jackpot Mania | 182 | Hard Rock Blackjack & Casino |
| 83 | Slots Casino: Vegas Slot Games | 183 | Vegas Nights Slots |
| 84 | Slots Games: Hot Vegas Casino | 184 | Lucky North Casino\|Slot Games |
| 85 | Magic Vegas Casino | 185 | Bingo!™ |
| 86 | Vegas Casino Slots - Mega Win | 186 | HD Poker: Texas Holdem |
| 87 | SLOTS - Black Diamond Casino | 187 | Cashmania Slots: Slot Games |

| 88 | Backgammon Live™ Board Game | 188 | Blackjack 21-World Tournament |
| 89 | The Walking Dead Casino Slots | 189 | Blackjack 21: Live Casino game |
| 90 | Jackpotjoy Slots: Vegas Casino | 190 | Super Jackpot Slots Casino |
| 91 | Old Vegas Classic Slots Casino | 191 | Keno 4 Multi Card |
| 92 | FaFaFa™ Gold Slots Casino | 192 | Binion's Casino |
| 93 | Lucky Time Slots™ Vegas Casino | 193 | Lottery Scratchers |
| 94 | Video Poker Classic - 39 Games | 194 | Fishing Casino - Ocean King |
| 95 | Stars Casino Slots | 195 | Bingo PartyLand: BINGO! & Spin |
| 96 | Clubillion™: casino slots game | 196 | GamePoint Bingo |
| 97 | Lucky Lottery Scratchers | 197 | American Scratchers Lottery |
| 98 | Bingo Drive: Play & Win Online | 198 | Ever Rich Slots |
| 99 | Abradoodle Bingo: Fun Bingo! | 199 | Keno Bonus Play |
| 100 | Cash Fever Slots™-Vegas Casino | 200 | Spider Solitaire: Card Game |

11.    Plaintiff Vickie Payton downloaded and played two of these casino-style gambling games from the Apple App. Store. Prior to April 27, 2018 she downloaded Scatter Slotts and Classic Casino Slot Games. On or about that date, she began purchasing coins through the app so she could continue to play for a chance to win free coins that would enable her to enjoy the games for a longer period of time. In the six months prior to the filing of this complaint, she paid $15.94 to Apple for the privilege of continuing to play the illegal gambling games.

12.    A customer such as plaintiff does not have the ability to collect actual cash as a result of "winning" games, but he does have the ability to win and therefore

acquire more playing time. Georgia's gambling statutes and the case law interpreting them make it clear that paying money in a game for a chance to win more playing time constitutes illegal gambling. In Section 16-12-20, the definition of "gambling device" includes "[a]ny contrivance which for a consideration affords the player an opportunity to obtain money *or other thing of value*, the award of which is determined by chance even though accompanied by some skill, whether or not the prize is automatically paid by contrivance." O.C.G.A. § 16-12-20. While the Georgia statutes exempt some games that require the application of skill, the Georgia Supreme Court explained in 2002 that games that simulate lot machines and casino card games are illegal without a cash payout. See O.C.G.A. §§ 16-12-20; 16-12-35; see also State v. Old South Amusements, Inc., 564 S.E. 2d 710, 711 (Ga. 2002) (noting that slot and video poker machines "are unlawful even if they are played purely for amusement purposes.") Such games violate Georgia law; where a patron pays money to participate in them, he or she may recover that money under O.C.G.A. § 13-8-3.

13.    Apple is not some minor or incidental participant in these illegal gambling games. It is the principal promoter and facilitator of the illegal activity. Apple maintains dictatorial control over what apps can be downloaded from the App Store, and the payment method to purchase in-app items. As the maker of the Fortnite game alleged in a recent antitrust injunction lawsuit against Apple:

Apple also imposes unreasonable restraints and unlawfully maintains a total monopoly in the iOS In-App Payment Processing Market. Among the oppressive terms that app developers have to accept, Apple coerces all app developers who wish to use its App Store—the only means with which to distribute apps to iOS users—to use exclusively Apple's own payment processing platform for all in-app purchases of in-app content.

Complaint for Injunctive Relief, Epic Games v. Apple, Inc., in the United States District Court for the Northern District of California, August 13, 2020 ¶ 10 (copy attached as **Exhibit A**). As noted, Apple uses its unfettered control over apps played on iOS to extract a hefty 30% tax on all purchases made to buy apps or in-app content such as "coins" to gamble with.

14.    Apple has the ability, which it has employed on other apps, to geo-restrict games so that they can only be played in certain states. In fact, with cash-out gambling games it regularly restricts those game so that they can only be played in states where that type of gambling is legal. Apple has also restricted gambling games such as the ones made the basis of this lawsuit so that minors cannot download or play them. It has the ability with existing technology it currently uses to prevent the games at issue here from being played in this state.

15.    Apple's App Store is not just a venue to buy iOS apps. It is a promotional tool. Apple heavily promotes apps, such as the illegal gambling games that form the basis of this complaint, that promise to bring in revenue. Revenue from the App Store is the reason Apple is the most valuable company on the planet.

16.     Thus, Apple enables, permits, promotes, and profits from illegal gambling.

## GEORGIA LEGAL FRAMEWORK

17.     Georgia has a strong public policy against gambling in this state. The state's strong public policy against gambling includes a statutory right of persons who spend money on gambling to recover their money.

18.     The Georgia criminal laws pertaining to gambling are codified at Sections 16-12-20 through 16-12-35 of the Georgia Code. Section 16-12-20 defines several type of gambling devices that clearly cover the apps at issue:

 (2) "Gambling device" means:

(A) Any contrivance which for a  consideration affords the player an opportunity to obtain money or other thing of value the award of which is determined by chance even though accompanied by some skill, whether or not the prize is automatically paid by contrivance;

(B) Any slot machine or any simulation or variation thereof;

(C) Any matchup or lineup game machine or device, operated for any consideration, in which two or more numerals, symbols, letters, or icons align in a winning combination on one or more lines vertically, horizontally, diagonally, or otherwise, without assistance by the player. Use of skill stops shall not be considered assistance by the player; or

(D) Any video game machine or device, operated for any consideration, for the play of poker, blackjack, any other card game, or keno or any simulation or variation of any of the foregoing, including, but not limited to, any game in which numerals, numbers, or any pictures, representations, or symbols are used as an equivalent or substitute for cards in the conduct of such game.

> Any item described in subparagraph (B), (C), or (D) of this paragraph shall be a prohibited gambling device subject to and prohibited by this part, notwithstanding any inference to the contrary in any other law of this state.

O.C.G.A. § 16-12-20(2)(A-D).

19.    Section 16-12-35 contains an exception for some machines, but it should be noted that, as explicitly stated in Section 16-12-20, this cannot override the definitions in Section 16-12-20(B-D). Here is the exception:

> (b) Nothin in this part shall apply to a coin operated game or device designed and manufactured for bona fide amusement purposes only which may by application of some skill entitle the player to earn replays of the game or device at no additional cost and to discharge the accumulated free replays only by reactivating the game or device for each accumulated free replay or by reactivating the game or device for a portion or all of the accumulated free plays in a single play. This subsection shall not apply, however, to any game or device classified by the United States government as requiring a federal gaming tax stamp under applicable provisions of the Internal Revenue Code *or any item described as a gambling device in subparagraph (B), (C), or (D) of paragraph (2) of Code Section 16-12-20.*

O.C.G.A. § 16-12-35(b). There are multiple reasons why the apps at issue do not fall within the exception of Section 16-12-35(b). First, as phone apps, they are not coin operated in the traditional sense. More fundamentally, as games that simulate slot machines or allow the user to play poker, blackjack, and other casino-type card games, they are "described as a gambling device in subparagraph (B), (C), or (D) of paragraph (2) of Code Section 16-12-20" and thus are explicitly *not* covered by Section 16-12-35(b).

20.    Georgia law also defines the term "bet." O.C.G.A. § 16-12-20. "'Bet' means an agreement that, dependent upon chance even though accompanied by some skill, one stands to win or lose something of value." O.C.G.A. § 16-12-20(1). Whenever a person purchases credits and uses them to play the apps at issue, he or she makes a bet dependent upon chance.

21.    Section 16-12-22, prohibiting commercial gambling, states that a person commits that offense, when, *inter alia*, he intentionally "(1) Operates or participates in the earnings of a gambling place; (2) Receives, records, or forwards a bet or offer to bet; (3) For gain, becomes a custodian of anything of value bet or offered to be bet…" Gambling itself is defined in part to include anytime a person "(1) Makes a bet upon the partial or final result of any game or contest or upon the performance of any participant in such game or contest;" or "(3) Plays and bets for money or other thing of value at any game played with cards, dice, or balls." By promoting, receiving the proceeds, approving and profiting from the illegal gambling games, Apple commits the crime of commercial gambling under Georgia law.

22.    Georgia provides a statutory civil cause of action to recover money paid and lost due to gambling. Section 13-8-3 of the Georgia code provides:

> (a) Gambling contracts are void; and all evidences of debt, except negotiable instruments in the hands of holders in due course or encumbrances or liens on property, executed upon a gambling consideration, are void in the hands of any person.

14

(b) Money paid or property delivered upon a gambling consideration may be recovered from the winner by the loser by institution of an action for the same within six months after the loss and, after the expiration of that time, by institution of an action by any person, at any time within four years, for the joint use of himself and the educational fund of the county.

## CLASS ACTION ALLEGATIONS

23.     Plaintiff seeks to certify and represent a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure. The class sought to be certified is:

All Georgia residents who downloaded, played, and paid money for additional coins within games from the Apple App Store that featured slots, roulette, blackjack, poker, keno, craps, and other kinds of casino-style gambling games, bingo, or simulations thereof, where the player had a chance to win coins or other means to play for additional periods of time, during a period commencing six months before the filing of this complaint and continuing to a date to be set by the Court following certification. All employees of the Court, and plaintiff's counsel and their families are excluded.

24.     This class action satisfies the numerosity requirement of Rule 23(a)(1) because joinder of all members of the plaintiff class is impracticable. There are thousands of Georgia residents who are members of the class.

25.     It also satisfies the commonality requirement of Rule 23(a)(2) because there are central questions of fact and law that are common to the class. Such common questions include, at a minimum, (a) whether these virtually identical gambling games sold through the App Store violate Georgia's prohibition of illegal gambling; (b) whether gambling for additional play-time on a game that simulates a

slot machine or casino card game is a thing of value under Georgia law; (c) whether Apple committed the offense of commercial gambling through its participation in the sale of in-app purchases through the App Store; and (d) whether plaintiff and the class members are entitled to recover their money pursuant to Section 13-8-3 of the Georgia Code.

26.    The proposed class satisfies the typicality requirement of Rule 23(a)(3) because the named plaintiff's claims are typical of the claims of the class members. Both plaintiff and the class members lost money in an effort to win additional play-time on these illegal gambling games.

27.    The named plaintiff will fairly and adequately represent the interests of the class pursuant to Rule 23(a)(4). Plaintiff has no interests that conflict with the interests of the class. Furthermore, Plaintiff has retained competent and experienced counsel with decades of experience litigating class action cases.

28.    Plaintiff seeks certification of a class pursuant to Rule 23(b)(3), which allows class treatment of a claim where:

> **(3)** the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> **(A)** the class members' interests in individually controlling the prosecution or defense of separate actions;

**(B)** the extent and nature of any litigation concerning the controversy already begun by or against class members;

**(C)** the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

**(D)** the likely difficulties in managing a class action.

29.    The common questions of law and fact in this case vastly predominate over any individual issues affecting only individual class members. The ***only*** individual issue presented by these class members is the exact amount of money damages to which each class member is entitled. Such damages issues are routinely held not to predominate over common questions in cases like this. Indeed, the individual damages issues will be quickly and accurately determined by examining Apple's own records.

30.    Class treatment is by far superior to individual litigation as a fair and efficient way to adjudicate this controversy. Given the relatively small individual amounts at issue, it unlikely whether there would be any adjudication at all without use of the class device. No individual class member would rationally commence and prosecute a lawsuit where the individual amount in controversy likely would not exceed the filing fees.

31.    For this reason, none of the class members have any interest in controlling the prosecution of separate actions.

32.    Likewise, to our knowledge, no class member has already commenced an action concerning this controversy.

33.    It would much more desirable to concentrate this case in one action rather than allow the prosecution of individual actions because, as noted, such individual actions would likely never be filed because there would be no motivation for any individual class member to file an individual suit.

34.    We foresee no particular difficulties in managing this case as a class action because 100% of the necessary information to compensate the individual class members is contained in Apple's own records concerning purchases made through the App Store.

## CAUSE OF ACTION

35.    Plaintiff, on her own behalf and on behalf of those similarly situated, seek recovery of all sums paid through in-app purchases in these games made through Apple's App Store pursuant to Section 13-8-3(b) of the Georgia Code.

## PRAYER FOR RELIEF

WHEREFORE, the premises considered, plaintiff asks the Court to:

1.    Take jurisdiction of this cause;

2.    Following discovery, certify this case as a class action pursuant to Rule 23(b)(3);

3.    Appoint the undersigned as Class Counsel and the named plaintiff as class representative;

4.    Enter a final judgment against Apple awarding plaintiff and the class members a refund of all money paid through the illegal gambling games described herein;

5.    Award Class Counsel reasonable attorneys' fees and expenses to be paid out of the judgment in favor of the class;

6.    Award the named plaintiff a reasonable sum of money for her services in this case on behalf of the class, also to be paid out of the judgment in favor of the class;

7.    Award interest and costs; and

8.    Award any other relief to which the Court finds plaintiff and the class are entitled.

Respectfully submitted this 22nd day of October 2020.

**STEVEN N. NEWTON, LLC**
*/s/Steven N. Newton*
**STEVEN N. NEWTON**
Georgia Bar No.: 211382
Co-Counsel for Plaintiff

401 Westpark Court, Suite 200
Peachtree City, Georgia 30269
678-837-6398
678-831-0707 (facsimile)
E-mail: steven@mynewtonlaw.com
      snnewtonlaw@gmail.com


John E. Norris (Pro hac vice anticipated)
Dargan M. Ware (Pro hac vice anticipated)
DAVIS & NORRIS, LLP
2154 Highland Avenue South
Birmingham, Alabama 35205
Telephone: 205.930.9900
Facsimile: 205.930.9989
jnorris@davisnorris.com
dware@davisnorris.com